

# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

August 10, 1998

The Honorable Teel Bivins
Chair, Senate Education Committee
Texas State Senate
P.O. Box 12068
Austin, Texas 78711

Opinion No. DM-481

Re: Whether Education Code section 51.306, which requires basic skills test for students at public universities, may be applied to students at proprietary schools (RQ-978)

Dear Senator Bivins:

You ask about the authority of the Texas Higher Education Coordinating Board (the "coordinating board" or "board") to extend the application of section 51.306 of the Education Code to proprietary school students. Section 51.306, as amended by the Seventy-fifth Legislature in 1997, requires "[e]ach undergraduate student who enters a public institution of higher education [to] be tested for reading, writing, and mathematics skills prior to enrolling in any coursework."[1] The test to be used by each institution is the Texas Academic Skills Program Test, or "TASP test," or an alternative test prescribed by the board.[2] A student whose performance on the TASP test is below the board-prescribed standard for the tested skill must participate in developmental courses offered by the institution in which the student is enrolled and on the same campus at which the student would otherwise attend classes.[3] A student may not enroll in an upper division course until the student has performed satisfactorily on the test for each skill or earned a grade of "B" or better in a freshman-level course in each skill.[4]

Section 51.306 provides a number of exceptions to its application. For instance, the testing requirements do not apply to a high school student who performs at or above a certain level on the high school exit-level assessment exam,[5] or to an entering or transferring student who has achieved a certain score on the Scholastic Assessment Test or the American College Test.[6] Nor do the testing

---

[1]Educ. Code § 51.306(b).

[2]*Id.* § 51.306(c).

[3]*Id.* § 51.306(e).

[4]*Id.* § 51.306(g).

[5]*Id.* § 51.306(*l*).

[6]*Id.* § 51.306(m).

requirements apply to a deaf student,[7] or to a blind student unless the test is administered by a method appropriate to that student.[8] Section 51.306 also prescribes such things as procedures for development and administration of the test, state funding to institutions for developmental courses, board payment of test costs for financially needy students, and institution reporting of test results.[9]

You ask: "Has the Texas Higher Education Coordinating Board been granted the power to extend the scope of Section 51.306, Education Code, or any part thereof, to students seeking degrees at proprietary schools?" We understand you to use the term "proprietary school" as it is defined in section 132.001 of the Education Code:

> (1) "Proprietary school" means any business enterprise operated for a profit, or on a nonprofit basis, that maintains a place of business within this state, or solicits business within this state, and that is not specifically exempted by this chapter and:
>
> > (A) that offers or maintains a course or courses of instruction or study; or
> >
> > (B) at which place of business such a course or courses of instruction or study is available through classroom instruction or by correspondence, or both, to a person for the purpose of training or preparing the person for a field of endeavor in a business, trade, technical, or industrial occupation, or for avocational or personal improvement.[10]

The testing requirements of section 51.306 apply, with certain exceptions, to "[e]ach undergraduate student who enters a public institution of higher education."[11] Clearly, any power on the part of the coordinating board to impose the TASP test requirements on proprietary school students does not come from section 51.306. Section 51.306 by its terms applies only to students attending public institutions of higher education.[12] Proprietary schools are not public institutions of

---

[7]*Id.* § 51.306(r)(3).

[8]*Id.* § 51.306(n).

[9]*Id.* § 51.306(c), (h), (j), (k).

[10]*Id.* § 132.001(1).

[11]*Id.* § 51.306(b).

[12]For purposes of section 51.306, "institution of higher education" has the meaning assigned to it by section 61.003 of the Education Code. Section 61.003 defines "institution of higher education" as "any public technical institute, public junior college, public senior college or university, medical or dental unit, or other agency of higher education as defined in this section." *Id.* § 61.003(8).

higher education.[13]  Thus section 51.306 does not authorize the coordinating board to require students enrolled in proprietary schools to pass the TASP test as a condition of obtaining degrees.

We next examine the coordinating board's view that its power to require degree candidates[14] at proprietary schools to pass the TASP test comes from section 132.063 of the Education Code, which provides: "A proprietary school may offer a degree approved by the Texas Higher Education Coordinating Board." Relying on section 132.063, the board adopted rules establishing the basic standards for degree programs at proprietary schools.[15]  The stated purpose of the rules is to "ensure the integrity of applied associate degrees offered by proprietary institutions."[16]  Proprietary schools offering applied associate degrees and the degree programs themselves are required to "meet minimum institutional and educational program quality standards."[17]  The standards established by the board include, among other things, faculty and administrator qualifications, minimum curriculum elements, and length of program requirements.[18]

Significant to your question is the board rule adopted under the authority of section 132.063 that provides: "Each person who enrolls in an applied associate degree program at a proprietary institution on or after September 1, 1997 must pass all sections of the certification form of the Texas Academic Skills Program (TASP) examination at the level established by the Coordinating Board before the degree may be awarded."[19]  The purpose of this rule, according to the board, is to ensure that "degree programs at proprietary schools meet the same quality standards as programs offered at public technical and community colleges."[20]

We know of no court or attorney general opinion that has examined the scope of the authority granted to the coordinating board in section 132.063 to "approve[]" a degree offered by a proprietary

---

[13]*See id.* (defining "institution of higher education"); *id.* § 132.001 (defining "proprietary school"); *see also id.* § 132.002 (providing that educational institutions supported by funds from state or local taxation are not proprietary schools).

[14]The coordinating board does not assert that it may require non-degree candidates to take the TASP test. A "degree" is defined in the Education Code as "any title or designation, mark, abbreviation, appellation, or series of letters or words, including associate, bachelor's, master's, doctor's, and their equivalents, which signifies, purports to, or is generally taken to signify satisfactory completion of the requirements of all or part of a program of study leading to an associate, bachelor's, master's, or doctor's degree or its equivalent." *Id.* § 61.302(2).

[15]17 T.A.C. ch. 12.

[16]*Id.* § 12.21.

[17]*Id.*

[18]*Id.* §§ 12.43, .44, .46, .47, .48.

[19]*Id.* § 12.52.

[20]21 Tex. Reg. 4939 (June 4, 1996) (explaining proposed rule 19 T.A.C. § 12.52).

school.  Where an agency's rulemaking authority is unclear or in doubt, courts and this office generally defer to the agency's reasonable interpretation of its statutory authority, provided the interpretation is not clearly erroneous.[21]  As stated above, the testing requirement is intended by the board to ensure that degree-earners at proprietary schools meet substantially the same qualifications as students earning similar degrees at public institutions of higher education who are required by section 51.306 to take and pass the TASP test.  We believe that a court would find that the coordinating board's authority under section 132.063 to approve a degree at a proprietary school reasonably includes the authority to establish requirements for an approved degree and to include within the requirements the prerequisite that students pass the TASP test as a condition of obtaining a degree.

Furthermore, courts give great weight to an agency's long-standing interpretation of a statute of doubtful meaning, and are inclined to accept an agency's interpretation where the legislature re-enacts or amends a statute without substantive change.[22]  The coordinating board first adopted detailed rules regarding proprietary school degree programs in 1991 under the authority of chapter 32, the predecessor to current chapter 132.[23]  The legislature amended the statute in 1995, but did nothing to curtail the scope of the board's power.[24]  In such a case, a court is likely to find that the legislature has acquiesced in the agency's interpretation of its statutory authority.

Finally, we note that unlike section 51.306, the board rule for TASP testing at proprietary schools does not provide for any exceptions to its application, such as for deaf or blind students.  Nor does the rule contain any of the prescriptions for developmental courses, state funding, reporting, aid to needy students, and similar provisions contained in section 51.306.  The rule provides only that a proprietary school student must pass all sections of the TASP examination at the level established by the board before an associate degree may be awarded.  Because the board's testing rule was not and could not be adopted under the authority of section 51.306, the rule need not adhere to the requirements of that section.  It is within the board's power to establish exceptions or requirements as part of the rule, subject of course to judicial review.[25]

---

[21]*See, e.g., Le v. Farmers Tex. County Mut. Ins. Co.*, 936 S.W.2d 317, 324 (Tex. App.--Houston [1st Dist.] 1996, writ denied); *Texas Health Facilities Comm'n v. El Paso Med. Surgical Assoc.*, 573 S.W.2d 291, 295 (Tex. Civ. App.--Tyler 1978, writ ref'd n.r.e.); Attorney General Opinions DM-443 (1997) at 2, DM-216 (1993) at 2.

[22]*See Humble Oil & Refining Co. v. Calvert*, 414 S.W.2d 172, 180 (Tex. 1967); *Bullock v. Marathon Oil Co.*, 798 S.W.2d 353, 357 (Tex. App.--Austin 1990, no writ).

[23]*See* 16 Tex. Reg. 3524 (June 14, 1991); 16 Tex. Reg. 1334 (Mar. 1, 1991).

[24]*See* Act of May 27, 1995, 74th Leg., R.S., ch. 260, § 2, 1995 Tex. Gen. Laws 2207, 2457.

[25]The board might wish to consider the requirements of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*, in adopting exceptions to the rule.

### S U M M A R Y

Section 51.306 of the Education Code, which requires each undergraduate student who enters a public institution of higher education to take and pass the Texas Academic Skills Program Test, or "TASP test," does not authorize the Texas Higher Education Coordinating Board to require students enrolled in a proprietary school to pass the TASP test as a condition of obtaining a degree. However, we believe that a court would find that the coordinating board's power under section 132.063 of the Education Code to approve a degree at a proprietary school reasonably includes the authority to require proprietary school students to pass the TASP test as a condition of obtaining a degree.

Yours very truly,

DAN MORALES
Attorney General of Texas

JORGE VEGA
First Assistant Attorney General

SARAH J. SHIRLEY
Chair, Opinion Committee

Prepared by Barbara Griffin
Assistant Attorney General